IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH H. RICHARDSON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:09-CV-2342-K** |
| | § | |
| **HUNT COUNTY, TEXAS, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action, which the court liberally construes as being brought under 42 U.S.C. § 1983.

After filing this action, Plaintiff submitted two additional cases – a petition for writ of habeas corpus, *see Richardson v. Hunt County District Court*, 3:10-CV-0135-M (N.D. Tex. Mar. 19, 2010) (dismissed without prejudice for failure to exhaust state court remedies), and a civil rights action, *see Richardson v. Hunt County, et al.*, No. 3:10-CV-0222-P (N.D. Tex.) (initially referred to the undersigned for screening). Contemporaneous with the filing of this recommendation, the undersigned has filed findings and conclusions, recommending the dismissal of No. 3:10-CV-0222-P.

Parties: At the time of filing this action, Plaintiff was a resident of Caddo Mills, Texas.

He is presently confined at the Hunt County Jail. Defendants are Hunt County, Police Officer Stephen Browlow, and Petty's Wrecker Service. No process has been issued in this case pending preliminary screening. On December 10, 2009, the magistrate judge issued a questionnaire to Plaintiff who filed his answers thereto on February 25, 2010.

Statement of Case: On December 8, 2009, Plaintiff filed this action complaining of his June 29, 2009 arrest for DWI, the accidental breaking of the rear window of his car by the police officer at the time of his arrest, the subsequent towing of the car, and the loss of his "diplomat passport" and other personal property left in the car. He sought compensatory damages.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Insofar as Plaintiff seeks to sue Hunt County, his claims lack an arguable basis in law. The gravamen of the complaint against the County is that the judge and assistant district

2

attorney, assigned to Plaintiff's criminal case, failed to follow court procedure ultimately resulting in his guilty plea to the DWI charge. (*See* Answer to Questions 1-7.)

To the extent Plaintiff requests to set aside his misdemeanor conviction and 180-day sentence, his claims are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures).[1]

Any claims for monetary damages against Hunt County stemming from the DWI conviction are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). A ruling in Plaintiff's favor on the various claims alleged against Hunt County would necessarily imply the invalidity of his underlying criminal conviction.

Plaintiff's remaining claims against Hunt County fare no better. Hunt County cannot be held liable for any alleged constitutional violations under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). Instead, liability may be imposed only where the county itself causes the constitutional violation at issue. *Id.* Plaintiff's complaint, as supplemented by the answers to the

---

[1] The District Court recently dismissed Plaintiff's companion habeas corpus petition for failure to exhaust state court remedies. *See Richardson v. Thaler*, 3:10-CV-0135-M (N.D. Tex. Mar. 19, 2010) (Lynn, J.).

questionnaire, is devoid of any allegations establishing a nexus between the alleged unconstitutional acts and Hunt County.

Next Plaintiff seeks to sue Police Officer Stephen Browlow. He explains that Browlow illegally arrested Plaintiff for DWI, searched his car without permission, inadvertently broke the rear window of the car, and had the car towed at Plaintiff's expense. (*See* Answer to Question No. 8.) Insofar as Plaintiff seeks to raise a false arrest claim, his claim is foreclosed by the guilty plea to the DWI charge, which stemmed directly from his arrest. *See Scott v. Teter*, 2002 WL 31441227, at *3 (N.D.Tex., Dallas Div., Oct 29, 2002) (Lynn, J.) (Findings and Conclusions of the Magistrate Judge, accepted by the District Court) (holding that action for false arrest was foreclosed by the fact that Plaintiff had been found guilty on the charge which stemmed from his arrest).[2]

The claims against Petty's Wrecker Service fare no better. Plaintiff cannot state a civil rights claim cognizable under 42 U.S.C. § 1983 against Petty's Wrecker Service for allegedly driving his car around, using a tank full of gas, and stealing various items of personal property left in the car. To allege a § 1983 claim, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.

---

[2] The court notes that Plaintiff's pleadings are devoid of any allegations that Officer Browlow lacked probable cause to arrest him. *See Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004). Moreover, under Fifth Circuit case law, a court appearance breaks the chain of causation for an allegedly false arrest. *See Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994) (holding that if the factual basis for an arrest is placed before an independent intermediary such as a grand jury, the grand jury's decision in returning an indictment breaks the chain of causation for an action predicated on false arrest, thereby insulating the arresting officer from a false arrest suit).

Ct. 2250 (1988). Absent either element, a claim is not cognizable under § 1983.

Defendant Petty's Wrecker Service is a private business. As such, its conduct did not occur under color of state law for purposes of §1983. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996). In addition, none of Plaintiff's allegations rise to a constitutional violation.

Accordingly, Plaintiff's civil rights claims lack an arguable basis in law and should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (dismissing *in forma pauperis* case with prejudice as frivolous under § 1915(e)(2)(B)).

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 6th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.